**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------------------------x
STARR INDEMNITY & LIABILITY COMPANY,

                                  Plaintiff,                      Civil Action No.

                            -against-

                                                        **COMPLAINT**

SALSON LOGISTICS, INC., SALSON TRUCKING CO., INC.
(a/k/a SALSON TRUCKING CO. OF NJ, INC.), SALSON
DEDICATED, INC. (a/k/a SALSON DEDICTATED,
CORPORATION), SALSON, INC., and SLI LEASING, LLC

                                  Defendants.
-------------------------------------------------------------------------------x

        Plaintiff, Starr Indemnity & Liability Company ("Starr"), by and through its undersigned

counsel, files this Complaint against Defendants Salson Logistics, Inc. ("Logistics"), Salson

Trucking Co., Inc. (a/k/a Salson Trucking Co. of NJ, Inc.) ("Trucking"), Salson Dedicated, Inc.

(a/k/a Salson Dedicated, Corporation) ("Dedicated"), Salson, Inc. ("Salson"), and SLI Leasing,

LLC ("Leasing"), and in support thereof alleges as follows:

<u>**JURISDCITION AND VENUE**</u>

1. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §1332(a)(1).

      The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-

      Five Thousand Dollars ($75,000).

2. There is complete diversity of citizenship between Starr and Defendants.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) (1), (3) and (c).

4. An actual case and controversy of justiciable nature exists between the parties, involving

      the rights and obligations of the parties under the insurance contract issued by Starr.

## THE PARTIES

5.   Starr is a property and casualty insurance company incorporated in the State of Texas, which maintains its main administrative office at 399 Park Avenue, New York, New York. Starr is licensed as an insurance carrier by the New Jersey Department of Banking and Insurance.

6.   Defendant Logistics is a corporation duly organized and existing under the laws of the State of Georgia.

7.   Defendant Logistics maintains its principal place of business at 888 Doremus Avenue, Newark, New Jersey.

8.   Defendant Logistics is authorized to transact business in the State of New Jersey.

9.   Defendant Trucking is a corporation duly organized and existing under the laws of the State of New Jersey.

10.  Defendant Trucking maintains its principal place of business at 888 Doremus Avenue, Newark, New Jersey.

11.  Defendant Dedicated is a corporation duly organized and existing under the laws of the State of New Jersey.

12.  Defendant Dedicated maintains its principal place of business at 888 Doremus Avenue, Newark, New Jersey.

13.  Defendant Salson is a corporation duly organized and existing under the laws of the State of New Jersey.

14.  Defendant Salson maintains its principal place of business at 888 Doremus Avenue, Newark, New Jersey.

15. Defendant Leasing is a limited liability company duly organized and existing under the laws of the State of New Jersey.

16. Defendant Leasing maintains its principal place of business at 888 Doremus Avenue, Newark, New Jersey.

## GENERAL ALLEGATIONS

17. At the specific instance and request of Defendants, Starr issued a motor carrier insurance policy, under policy number 1000072623171, which covered the time period April 14, 2017 – April 14, 2018 (the "Policy").

18. The Policy is an insurance contract which provides, in exchange for payment of premiums, insurance coverage for liabilities of Defendants.

19. The Policy lists Logistics as the first named insured on the declarations page, and Trucking, Dedicated, and Salson as named insured on the Extension Schedule of Named Insureds.

20. On or about June 27, 2017, Endorsement No. 2 was added to the Policy which amended the Extension Schedule of Named Insureds by adding Leasing as a named insured.

21. The Defendants are jointly and severally liable for payment of all premiums and other amounts due under the Policy.

22. Pursuant to the terms of the Policy, the initial premium was based on information submitted by Defendants and/or their insurance broker regarding the estimated number of miles to be driven during the effective dates of coverage.

23. Since the initial premium is based on estimated information, the Policy is subject to audit to determine the actual number of miles be driven during the effective dates of coverage.

24. The audit can result in additional or return premiums.

25. At policy inception Defendants estimated that they would drive 19,500,000 miles during the effective dates of coverage was 19,500,000.

26. On or about April 9, 2019, Starr performed an audit of Defendants books and records as they related to the Policy.

27. The actual number of miles drive by Defendants during the effective dates of the Policy (i.e., April 14, 2017 – April 14, 2018), as determined by the audit, was 22,142,800.

28. Subsequent to the audit, Starr calculated the final premium and state surcharges for the Policy.

29. The sum total of premiums and surcharges, including the audit premiums, for the Policy is $2,719,659.14.

30. Defendants paid $2,397,519.41 towards the premiums and surcharges, including the audit premiums, for the Policy.

31. Starr issued invoices and demands for payment for the outstanding premium to in a timely fashion.

32. Defendants have failed, refused and continues to refuse to remit payment of the $322,139.73 owed to Starr pursuant to the terms of the Policy.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

33. Plaintiff incorporates by reference paragraphs 1 through 32, as if fully set forth herein.

34. Defendants agreed to remit payment of premiums in consideration for Starr's provision of insurance coverage.

35. Starr has fulfilled its contractual obligations and provided the insurance coverage afforded by the Policy.

36. Defendants have failed and refused to pay the premium for the Policy although due demand has been made therefor.

37. Through its refusal to remit payment, Defendants have breached the contract between the parties, i.e., the Policy.

38. As a result of Defendants' breach of the insurance contract, Starr has suffered damages in the amount of $322,139.73, plus interest, and costs.

**THIRD CAUSE OF ACTION**
**(Unjust Enrichment)**

39. Plaintiff incorporates by reference paragraphs 1 through 32, as if fully set forth herein.

40. Starr provided insurance coverage and related services to Defendants for which they have refused to pay.

41. Defendants have been unjustly enriched by the receipt of such coverage and services to Starr's detriment.

42. Starr has repeatedly demanded that Defendants remit payment of the amount due and owing.

43. Defendants have failed, refused and continues to refuse to pay the balance due and owing to Starr, thereby resulting in damages to Starr in the amount of $322,139.73, plus interest, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Starr Indemnity & Liability Company, demands judgment against the Defendants, jointly and severally, as follows:

a. On the First Cause of Action, damages in the amount of $322,139.73, plus interest and costs, with interest at the statutory rate from the date of default;

    b.  On the Second Cause of Action, damages in the amount of $322,139.73, plus interest

        and costs, with interest at the statutory rate from the date of default; and

    c.  Such other and further relief as the Court may deem just and proper.

Dated: June 19, 2019

Respectfully Submitted,

STARR INSURANCE HOLDINGS, INC.

      /s/ Marc P. Madonia

Marc P. Madonia
399 Park Avenue, 3rd Floor
New York, New York  10022
Marc.madonia@starrcompanies.com
*Attorneys for Plaintiff*
*Starr Indemnity & Liability Company*